# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# SOUTHERN DIVISION

| | |
|---|---|
| **TERRY MEECE and SCOTT MESEL,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) NO. _____ |
| **ACIMA CREDIT, LLC F/K/A SIMPLE** | ) |
| **RTO, LLC D/B/A SIMPLE FINANCE,** | ) |
| | ) |
| **Defendant.** | ) |

## DEFENDANT ACIMA CREDIT, LLC'S NOTICE OF REMOVAL

Defendant Acima Credit, LLC ("Acima" or "Defendant"), hereby files this Notice of Removal of this action from the Chancery Court of Hamilton County, Tennessee to the United States District Court for the Eastern District of Tennessee, Southern Division, pursuant to 28 U.S.C. §§ 1331, 1332, 1367, 1441, and 1446, stating as follows:

### I. Introduction.

1. Plaintiffs Terry Meece and Scott Mesel commenced this action by filing a Complaint on March 21, 2017, in the Chancery Court for Hamilton County, Tennessee, Docket No. 17-0185. A true and correct copy of the state court file, including all pleadings, process, and orders received by Acima is attached as **Exhibit A**.

2. In their Complaint, both Plaintiffs bring a state law claim for fraud. (*See* Exhibit A, Complaint, Count One). Plaintiff Meece brings a state law claim for age discrimination under the Tennessee Human Rights Act, and federal age and disability discrimination claims under the Age Discrimination in Employment Act ("ADEA") and Americans with Disabilities Act ("ADA"). (*See* Exhibit A, Complaint, Counts Two and Three). Plaintiffs demand from Acima, among other things, "compensatory damages in the amount of $750,000," punitive damages, and attorneys' fees and costs. (*See* Exhibit A, Complaint, Prayer for Relief).

3. This Court has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Acima and there is at least $75,000.00 in controversy, exclusive of interest and costs.

4. This Court likewise has subject matter jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 because the claims in this case arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

## II. Procedural Requirements.

5. Plaintiffs served Acima with the Summons and Complaint on April 19, 2017. As such, this Notice of Removal is timely filed under 28 U.S.C. § 1446.

6. No prior application has been made for the relief requested herein.

7. The United States District Court for the Eastern District of Tennessee, Southern Division, is the district and division embracing the place where this action is pending in state court. 28 U.S.C. § 1441(a).

8. Acima will file a Notice of Filing Notice of Removal with the Clerk and Master of the Chancery Court of Hamilton County, Tennessee in accordance with 28 U.S.C. § 1446(d). Written notice of the filing of this Notice of Removal has also been served upon Plaintiffs.

9. All prerequisites for removal, as set forth in 28 U.S.C. § 1441, have been met.

### III. Diversity Jurisdiction Exists Over This Action.

10. This action is removable because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

11. Specifically, this Court has original jurisdiction over this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . (1) citizens of different States." 28 U.S.C. § 1332(a)(1).

A. **Diversity of Citizenship.**

12. For individuals, citizenship is equivalent to "domicile" for purposes of diversity jurisdiction. *See Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S.

30, 48, 109 S. Ct. 1597, 1608 (1989) ("For adults, domicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there."). Plaintiff Meece is now, and has been at all times relevant to this action, a citizen of the State of Tennessee. (*See* Exhibit A, Complaint, ¶1). Plaintiff Mesel is now, and has been at all times relevant to this action, a citizen of the State of Florida. *Id.*

13. For purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen. *See TopRx, Inc. v. Cedarburg Pharmaceuticals, Inc.*, 2009 WL 10664425, at *2 (W.D. Tenn. June 10, 2009); *Rolling Greens Mhp. V. Comcast Sch. Holdings*, 374 F.3d 1020, 1021 (11th Cir. 2004). Acima is a limited liability company existing and formed in the State of Utah, with the residency and citizenship of all its members in Utah, and maintains its principal place of business in Sandy, Utah.

14. The parties, therefore, are completely diverse as required by 28 U.S.C. § 1332.

**B.  Amount in Controversy.**

15. Although Acima denies that Plaintiffs are entitled to any relief, the amount in controversy requirement is satisfied in this case because the value of the relief Plaintiffs request "exceeds the sum or value of $75,000.00, exclusive of interest and costs." 28 U.S.C. § 1332(a).

16.     In Plaintiffs' Complaint, Plaintiffs specifically demand, among other things, "compensatory damages in the amount of $750,000," punitive damages, attorneys' fees and costs.  (*See* Exhibit A, Complaint, Prayer for Relief).

17.     Therefore, the minimum amount in controversy is well above the $75,000 requirement for diversity jurisdiction and, thus, the requirements of 28 U.S.C. § 1332 are satisfied.

### IV. Federal Question Jurisdiction Exists Over This Action.

A.      **Federal Question.**

18.     Defendant can remove to the appropriate federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  Federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Removal jurisdiction based upon a federal question exists when a federal question is presented on the face of the complaint.  *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

19.     This is a civil action arising under the laws of the United States because Plaintiff Meece is asserting claims against Acima under the federal ADEA and ADA.  (*See* Exhibit A, Complaint, Counts Two and Three).  It is well settled that claims under the ADEA and ADA invoke this Court's federal question jurisdiction.  *See Snyder v. Shelby Cty. Bd. of Educ.*, 2014 WL 12657186, at *2

5

29566656 v1

Case 1:17-cv-00130-TAV-SKL   Document 1   Filed 05/18/17   Page 5 of 9   PageID #: 5

(W.D. Tenn. March 27, 2014). Accordingly, the claims asserted by Plaintiff Meece in the Complaint could have been originally filed in this Court.

B.   **Supplemental Jurisdiction.**

20.   This Court can exercise supplemental jurisdiction over the state law claims Plaintiffs make against Acima because these claims form part of the same case or controversy as the federal ADEA and ADA claims. The supplemental jurisdiction statute, 28 U.S.C. § 1367(a), provides in pertinent part as follows:

> [I]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . .

21.   In the instant case, Plaintiffs' state law claims are related to the same activity that forms the basis for the federal claims--namely, the Plaintiffs' employment. Thus, Plaintiffs' state law claims in this case are "so related to claims in the action within [this Court's] original jurisdiction" that they form part of the same case or controversy and, as such, fall squarely within this Court's supplemental jurisdiction as provided under 28 U.S.C. § 1367(a). *See also* 28 U.S.C. § 1441(c) ("[w]henever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein…").

22. Moreover, this Court should exercise supplemental jurisdiction over Plaintiffs' state law claims in this action to avoid an unnecessary duplication of judicial resources. *See Dillingham v. Millsaps,* 809 F. Supp. 2d 820 (E.D. Tenn. Aug. 10, 2011), *citing United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 725 (1966); *see also Harper v. AutoAlliance Intern, Inc.,* 392 F.3d 195 (6th Cir. 2004). In the instant case, Plaintiffs' state law claims arise from the same transaction or occurrence but do not raise novel or complex issues of state law or predominate over Plaintiffs' federal claims. *See* 28 U.S.C. § 1367(c). Therefore, this Court should exercise jurisdiction over all claims asserted in Plaintiffs' Complaint.

## V. Adoption and Reservation of Defenses

23. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of Acima's rights to assert any affirmative defenses, including, but not limited to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims and/or parties; (6) failure to state a claim; (7) failure to join indispensable parties; or (8) any other pertinent defense available under Tennessee law and/or Federal Rule Civil Procedure 12, any state or federal statute, or otherwise.

24. To the extent remand is sought by Plaintiffs or visited by the Court, Acima respectfully requests the opportunity to brief the issues and submit additional arguments and evidence.

25. Acima reserves the right to supplement this Notice of Removal as may be necessary or appropriate.

WHEREFORE, Acima prays that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Chancery Court for Hamilton County, Tennessee to the United States District Court for the Eastern District of Tennessee, Southern Division.

/s/ K. Bryance Metheny
K. Bryance Metheny (TN#025150)

ATTORNEY FOR ACIMA CREDIT, LLC

**OF COUNSEL:**
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

*/s/ Zachary D. Miller*
Zachary D. Miller (TN# 032674)

ATTORNEY FOR ACIMA CREDIT, LLC

OF COUNSEL:
BURR & FORMAN LLP
511 Union Street, Ste. 2300
Nashville, TN 37219
Toll Free: (866) 489-8542
Main: (615) 724-3200
Fax: (615) 724-3290

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by Notice of Electronic Filing, or, if the party served does not participate in Notice of Electronic Filing, by U.S. First Class Mail, hand delivery, fax or email on this the 18th day of May, 2017:

Frank P. Pinchak
Robert W. Wheeler
Burnette, Dobson & Pinchak
711 Cherry Street
Chattanooga, TN 37402

*/s/ K. Bryance Metheny*
OF COUNSEL