# EXHIBIT "A"

| Rule Entry Date | Case Number | Case Style | Page Number | Rule Entry | Associated Party |
|---|---|---|---|---|---|
| 04/13/2017 02:59PM | 33CH1-2017-CV-185 | Terry Meece (et. al) vs Acima Credit, LLC | | ALIAS SUMMONS, copy of alias summons, copy of complaint issued and given to a runner for Burnette, Dobson & Pinchak. RETURNED executed 4-19-17 by Angela Ross, filed 4-21-17. | Acima Credit, LLC |
| 03/22/2017 10:11AM | 33CH1-2017-CV-185 | Terry Meece (et. al) vs Acima Credit, LLC | | Case assigned to PART 1. | |
| 03/21/2017 11:49AM | 33CH1-2017-CV-185 | Terry Meece (et. al) vs Acima Credit, LLC | | ADA notice included with summons (1P). | |
| 03/21/2017 11:48AM | 33CH1-2017-CV-185 | Terry Meece (et. al) vs Acima Credit, LLC | | SUMMONS, certified copy of summons ($5.00), copy of complaint issued and given to attorney, Robert Wheeler RETURNED "refused" by Tammie Dickson, filed 4-13-17. One exhibit filed attached. | Acima Credit, LLC |
| 03/21/2017 10:02AM | 33CH1-2017-CV-185 | Terry Meece (et. al) vs Acima Credit, LLC | | COST BOND, filed. BURNETTE, DOBSON & PINCHAK, Surety (by Robert Wheeler). | |
| 03/21/2017 09:50AM | 33CH1-2017-CV-185 | Terry Meece (et. al) vs Acima Credit, LLC | | COMPLAINT for compensatory damages, fraud, and violation of the Age Discrimination in Employment Act, and American with Disabilities Act, filed. Exhibit A filed attached. | |

Sworn to before me the 15th May, 2017.

_____ , Clerk

_____ , D.C.

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESEE

| | |
|---|---|
| TERRY MEECE and<br>SCOTT MESEL,<br><br>    Plaintiffs,<br><br>v.<br><br>ACIMA CREDIT, LLC f/k/a<br>SIMPLE RTO, LLC d/b/a<br>SIMPLE FINANCE,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   JURY DEMAND<br><br>NO. 17-0185<br><br>PART _____ |

## COMPLAINT

Come Plaintiffs, Terry Meece and Scott Mesel (collectively "Plaintiffs"), and sue Defendant Acima Credit, LLC, formerly known as Simple RTO, LLC ("Simple Finance" or "Defendant"), and would show as follows:

### I. THE PARTIES

1. Plaintiff Terry Meece is a 67-year-old male resident of Hamilton County, Tennessee. Plaintiff Scott Mesel is a 53-year-old male resident of Hillsborough County, Florida.

2. Defendant Acima Credit, LLC is a limited liability company doing business in Tennessee. It formerly did business in this state as Simple RTO, LCC, also a limited liability company. On or about January 10, 2017, Simple RTO, LCC amended its articles of organization to change its name to Acima Credit, LLC. Its agent for service of process in Tennessee is Registered Agent Solutions, 15439 Old Hickory Boulevard, Nashville, Tennessee 37211.

### II. THE FACTS

3. In 2015, Defendant was a relatively new business engaged in financing the purchase of furniture by retail customers in the United States. Its business model, with some

variations, was based upon that used in the rent-to-own industry. Its business plan called for it to "sign up" or enter into agreement with various retailers which sold furniture to the public. When such a retailer could make a sale of furniture to a customer who could not afford to pay cash and who also could not qualify for regular credit, the furniture store could have that customer complete a "simple" online application for "credit" with the Defendant. The transaction would then be structured as a sale of the furniture to Defendant, which would then enter into a "lease" with the customer. At the end of this "lease" the customer would then "own" the furniture. In this transaction, the customer would eventually pay several times the amount that would have been paid had the customer either paid cash or obtained conventional retail financing.

4. In order to make this business model profitable, it was necessary for Defendant to have knowledge concerning which furniture retailers to approach and which persons within such retail establishments could make the decision to use Defendant's financing services. However, its contacts in the industry were very limited.

5. In late 2015, Defendant identified several individuals who, because of their lengthy and successful experience in the furniture industry, possessed the knowledge that Defendant needed. It devised a scheme to attract these persons with promises of significant salaries and bonuses, obtain their information concerning retailers and contact persons, and then implement a plan to either discharge them for pretextual reasons or to dramatically reduce their pay and responsibilities.

6. Plaintiff Terry Meece had lengthy experience in the furniture industry. Defendant approached him in late 2015 about leaving his position with a furniture manufacturer and becoming a Vice President with Defendant. He would have responsibility for a number of states, including Tennessee, and he would work from his home in Hamilton County, Tennessee.

7. Plaintiff Scott Mesel also had lengthy experience in the furniture industry. He was approached by Defendant in late 2015 about taking a position similar to that offered to Plaintiff Terry Meece, but he would have different states.

8. Several other persons with similar furniture industry experience were also approached for the same purpose.

9. The jobs that were offered to the Plaintiffs called for each of them to have responsibility for several states. Although they could devote some of their time to "signing up" retailers, their primary efforts were to be directed to recruiting representatives who would be responsible for "signing up" and then servicing retailers. The Plaintiffs were to act in a supervisory role over the other persons they recruited. In addition to their salary, they would each be paid a bonus based upon the results in their territories.

10. Plaintiffs agreed to accept Defendant's offer. The Defendant then instructed all of the newly hired Vice Presidents to report to a meeting at Defendant's headquarters in Utah in January 2016. The first thing that Defendant did was to instruct the newly hired Vice Presidents to supply Defendant with lists of all of their retail contacts in the furniture industry.

11. After Plaintiffs and the others supplied their lists of retail contacts, they each went about starting work attracting new representatives. However, Defendant also had several of its "partners" also go out into the field and sign up retailers, frequently after being introduced by Plaintiffs and the other newly hired Vice Presidents. Nevertheless, both Plaintiffs were very successful in increasing Defendant's business in their respective territories.

12. Several months into this arrangement, Defendant changed the employment relationships with almost all of the newly hired Vice Presidents. It announced a drastic reduction in compensation and a major change in job duties. They would now be expected to perform the

same duties as the representatives they were supposed to recruit, indeed, even competing against those persons for business. Also, except for Plaintiff Meece, they were all (with one exception) demoted to a position known as Area Sales Managers with a drastic cut in pay. Most of the Vice Presidents, including Plaintiff Mesel, accepted this demotion and salary reduction because they needed to remain employed until they could find new employment elsewhere. Plaintiff Meece was not given that opportunity. Although his performance was as good as any other Vice President, and in most cases better than all the others, Plaintiff Meece was older than the others. He also had a disability that the others did not have. Defendant simply fired him.

13. Defendant had no intention of employing Plaintiffs beyond simply the short period of months necessary for extracting their respective contacts in the furniture industry.

14. When Defendant hired Plaintiffs, it also informed them that they must purchase their own laptops for which to perform their job duties.

15. Additionally, Defendant's Regional Vice Presidents held weekly conference calls to discuss daily business activities and duties. When Defendant learned of these conference calls, it took immediate steps to stop them.

16. Also, during the duration of his employment, Plaintiff Meece had a disability within the meaning of that term as used in the Americans with Disabilities Act and also Tennessee's law prohibiting discrimination in employment on account of disability. Defendant was aware of the nature of that disability when it fired him, and it is aware of the nature of that disability now. In mid-April 2016, Plaintiff Meece informed his direct supervisor, Matthew Kennedy that he had planned on having required surgery related to that disability sometime during the summer of 2016.

17. Plaintiff Meece would require a few weeks off from work for the surgery.

18. Within a few days of Plaintiff Meece's notification to Mr. Kennedy, Plaintiff Meece received an email dated April 25, 2016 that contained criticism of his performance and new and unrealistic performance goals. Defendant also applied those goals retroactively, meaning that Defendant was judging Plaintiff's performance based upon standards that had not previously been communicated to Plaintiff and which were inconsistent with Plaintiff's job. Nevertheless, Plaintiff's performance had been so good that he exceeded these retroactive goals. Defendant, however, still fired Plaintiff, without the offer of a demotion given to the other Regional Vice Presidents, on May 31, 2016.

19. Plaintiff Meece was one of the oldest Vice Presidents at Simple Finance. The owners were in their 30s and 40s, with the exception of a 52-year-old and a 60-year-old.

### III. PLAINTIFFS' CLAIMS

Count One: Fraud

20. Defendant induced Plaintiffs to leave their respective positions with other employers by a promise of employment as Vice Presidents of Sales for Defendant. Plaintiffs reasonably relied on Defendant's employment offer regarding promises of significant salaries and bonuses. Defendant, however, concealed from Plaintiffs its true intentions to only employ Plaintiffs in the short-term for the purposes of gaining access to their business connections within the national furniture industry. After gaining industry information needed for the business to function, Defendant terminated both Plaintiffs' employment as Vice Presidents of Sales, shortly thereafter. It demoted Plaintiff Mesel to a position with substantially less pay. It fired Meece.

21. Defendant is guilty of fraud for inducing Plaintiffs to leave their gainful employments with their respective former employers by misrepresenting its true intentions for Plaintiffs to serve only as Vice Presidents of Sales for a short time period before either firing or

demoting them. Alternatively, Defendant engaged in fraud when it decided to change Plaintiffs' original employment contracts to require personal production goals, thereby allowing Defendant the opportunity to terminate Plaintiffs' employment for failure to meet these previously nonexistent goals once the information regarding Plaintiffs' national furniture business connections had been extracted.

Count Two: Tennessee Human Rights Act and Age Discrimination in Employment Act

22. Plaintiff Terry Meece was terminated on the basis of his age in violation of T.C.A. 4-21-401, *et seq.* and 29 U.S.C. §621 *et seq.* Except for Plaintiff Meece, all Regional Vice Presidents (with one exception) were demoted to a position known as Area Sales Mangers. Plaintiff Meece was not offered an Area Sales Manager position on the basis of his age.

23. Plaintiff Meece was subjected to a hostile work environment in violation of T.C.A. 4-21-401, *et seq.* and 29 U.S.C. §621 *et seq.* in an effort to force Plaintiff to quit.

Count Three: Americans with Disabilities Act

24. Defendant violated the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, by discriminating against Plaintiff Terry Meece because he has a disability.

25. Defendant violated the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, by terminating Plaintiff Terry Meece's employment because he has a disability. Except for Plaintiff Meece, all Regional Vice Presidents (with one exception) were demoted to a position known as Area Sales Mangers. Plaintiff Meece was not offered an Area Sales Manager position on the basis of his disability.

26. Defendant violated the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*, by refusing to provide reasonable accommodations for Plaintiff Terry Meece's disability.

## IV. JURISDICTIONAL PREREQUISITE

27. Plaintiff Terry Meece has filed claims with the Equal Employment Opportunity Commission alleging age and disability discrimination. Plaintiff Meece has received his Right to Sue, which is attached as "Exhibit A."

## V. PRAYER FOR RELIEF

Plaintiffs respectfully pray for the following relief:

a. That a summons be issued for service upon Defendant;

b. That Plaintiffs each be awarded compensatory damages in the amount of $750,000.

c. That Plaintiffs each be awarded punitive damages in an amount to be determined by the jury.

d. That Plaintiffs be awarded all costs of this action;

e. That Plaintiffs be awarded reasonable attorneys' fees;

f. Such further relief to which Plaintiffs may be found entitled; and

g. That a jury try all claims and issues triable by a jury.

Respectfully submitted,

BURNETTE, DOBSON & PINCHAK

By: *Robert Wheeler*
Frank P. Pinchak, BPR No. 002094
Robert W. Wheeler, BPR No. 034485
Attorneys for Plaintiffs
711 Cherry Street
Chattanooga, TN 37402
Phone: (423) 266-2121
Fax: (423) 266-3324

7

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Terry Meece<br>Ooltewah, TN 37363 | From: | Phoenix District Office<br>3300 North Central Ave<br>Suite 690<br>Phoenix, AZ 85012 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 494-2016-01589 | Jeremy A. Yubeta,<br>Supervisory Investigator | (602) 640-5028 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[X] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_[signature]_     FEB 1 4 2017

Elizabeth Cadle,
District Director     (Date Mailed)

Enclosures(s)

cc:    Tyler Montrone                     Frank Pinchak
      General Counsel                BURNETTE, DOBSON & PINCHAK
      2020                                      Courtway Center
      9815 S. Monroe Street 4th Floor    711 Cherry Street
      Sandy, UT 84070               Chattanooga, TN 37402

17 MAR 21 PM 3:37

FILED
HAMILTON CO CLERK & MASTER

EXHIBIT A

IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESEE

TERRY MEECE and )
SCOTT MESEL, ) NO. 17-0185
 )
    Plaintiffs, )
 )
v. )
 )
ACIMA CREDIT, LLC f/k/a )
SIMPLE RTO, LLC d/b/a )
SIMPLE FINANCE, )
 )
    Defendant. )

## COST BOND

    The undersigned acknowledges and hereby binds the undersigned for the payment of all costs in this court which may at any time be adjudged against the plaintiff in the event said plaintiff shall not pay the same if so ordered by this court.

    Witness my hand this 21st day of March, 2017.

                               BURNETTE, DOBSON & PINCHAK

                               BY: _Robert Wheeler_, Surety
                               711 Cherry Street
                               Chattanooga, TN 37402
                               (423) 266-2121 phone
                               (423) 266-3324 fax

17 MAR 21 PM 3: 37

FILED
HAMILTON CO CLERK & MASTER     8
71537

# State of Tennessee
## IN THE CHANCERY COURT FOR HAMILTON COUNTY

TERRY MEECE and SCOTT MESEL
                                    PLAINTIFF

VS.                                                    DOCKET NO. 17-0185

ACIMA CREDIT, LLC f/k/a SIMPLE RTO, LLC
d/b/a SIMPLE FINANCE
                                    DEFENDANT

## SUMMONS

TO DEFENDANT: ACIMA CREDIT d/b/a SIMPLE FINANCE, c/o Registered Agent SOLUTIONS, INC.

WHOSE ADDRESS IS 15439 Old Hickory Boulevard, Nashville, TN 37211 -6272

OTHER SERVICE INFORMATION Plaintiff will serve via certified mail.

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, 625 Georgia Avenue, Room 300 Courthouse, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 21 day of March, 2017.

ROBIN L. MILLER, CLERK & MASTER

By: Wendi Sands
DEPUTY CLERK & MASTER

Frank P. Pinchak                          002094
Plaintiffs' Attorney                      BPR#
or Plaintiff if no attorney (*pro se*)

BURNETTE, DOBSON & PINCHAK
Address

711 Cherry Street

Chattanooga, TN 37402

(423) 266-2121           (423) 266-3324
Tel. NO.                 Fax NO.

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

2017 APR 13 PM 2: 52

FILED
HAMILTON CO CLERK & MASTER

BURNETTE, DOBSON & PINCHAK
ATTORNEYS AT LAW
711 CHERRY STREET
CHATTANOOGA, TENNESSEE 37402

CERTIFIED MAIL

7014 1200 0000 0976 8935

w 3-24-17

Acima Credit, LLC
c/o Solutions, Inc.
15439 Old Hickory Boulevard
Nashville, TN 37211-6272

Refused

UNITED STATES POSTAGE
PITNEY BOWES
02 1P
0001784271
MAR 21 2017
MAILED FROM ZIP CODE 37402
$ 006.980

2017 APR 13 PM 2: 52
FILED
HAMILTON CO CLERK & MASTER

# SUMMONS RETURN

I received this summons on ___3/21/17___ (Date). I certify and return that on ___4/12/17___ (Date), I

☐ served this summons and a complaint on defendant, _____
(Printed Name of Defendant)

in the following manner:
_____
_____
_____

☒ failed to serve this summons within thirty (30) days after its issuance because:
___"Refused" see Attached envelope___
_____
_____

___Tammie Dickson Paralgal___    ___[signature]___
Process Server Name (Printed)       Process Server Signature

___Burnette Dobson & Pinchak___
Address
___711 Cherry St.___
___Chattanooga, TN 37402___

[Form 114, Rev 2008.01.22]

Case 1:17-cv-00130-TAV-SKL   Document 1-1   Filed 05/18/17   Page 14 of 14   PageID #: 23